DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | | |
|---|---|---|
| WALTER G. DENTON, | ) | CIVIL CASE NO. 17-00012 |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| ROMAN CATHOLIC ARCHBISHOP OF AGANA, a Corporation Sole; ANTHONY SABLAN APURON, an individual; DOE ENTITIES 1-5; and DOE INDIVIDUALS 6-50, inclusive, | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Archbishop Anthony Sablan Apuron's Motion to Dismiss the complaint filed against him by Plaintiff Walter G. Denton. S*ee* ECF No. 20. The said motion was referred to the below-signed Magistrate Judge. *See* Order re Referral, ECF No. 32. In his motion, Defendant asks the court to dismiss the complaint on the basis that Plaintiff's claims are time-barred, were not revived by the passage of Guam Public Law 33-187, and even if revived by the said law, any retrospective application of the said statute is inorganic. Plaintiff filed his opposition to the motion on August 7, 2017. *See* ECF No. 54. Defendant filed his reply to the opposition on August 21, 2017. *See* ECF No. 59. The court heard oral arguments on the motion on August 29, 2017. *See* ECF No. 62. The court hereby issues its Report and Recommendation.

**Background**

On February 1, 2017, Plaintiff, a 52-year-old resident of Casa Grande, Arizona, filed his complaint against Defendant, alleging that Defendant sexually abused him when he was 13

years old while he was serving as an altar boy for the Our Lady of Mt. Carmel Church parish in Agat, Guam. Defendant was then a priest at the Agat Parish.

On February 8, 2017, Defendant, through his attorney, filed and entered his appearance in this action and requested service of all pleadings filed herein. *See* ECF No. 9.

On April 4, 2017, Defendant moved to dismiss Plaintiff's complaint. *See* ECF No. 20.

In his motion, Defendant advances two arguments for dismissal:

1. Public Law 33-187 restricted the filing of clergy abuse cases only to those cases which were barred by the previous statute of limitations (Pub. L. 31-07). Plaintiff's action is not barred by the previous statute of limitations but by one prior thereto. Thus, Plaintiff's action is time-barred.

2. Assuming that Plaintiff's action is not barred, Pub. L. 33-187 infringes upon Defendant's vested rights and due process guarantees afforded by the Organic Act of Guam.

**Discussion**

In determining whether Plaintiff's action was revived by P.L. 33-187 and how the aforesaid public law has affected the statute of limitations for civil child sexual abuse claims, the court finds it important to review prior enactments of the legislature relative to the statute of limitations.

    a. Before 2011

In 1953, Guam's Code of Civil Procedure provided that actions for ". . . assault, battery, false imprisonment, seduction, or for injury to or for the death of one caused by the wrongful act [or] neglect of another" must be commenced within one year. Guam Code Civ. P. § 340(3) (1953). However, if a person entitled to bring an action was a minor at the time the cause of action accrued, "[t]he time of such disability [was] not a part of the time limited for the commencement of the action." Guan Code Civ. P. § 352(1) (1953).[1]

In 1980, Pub. L. 15-106 was enacted to amend Guam's Code of Civil Procedure with

---

[1] The language of Guam Code of Civ. P. §352 is still maintained today and is codified at 7 Guam Code Ann. § 11404 (2017).

Page -2-

regard to the time for commencing actions. This law extended the statute of limitation to two years for any "action for assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to, or for the death of, a person caused by the wrongful act or neglect of another except as provided for in Section 349."[2] Pub. L. 15-106 at §5 (1980).

In 1977, the Guam Legislature created the "Compiler of Laws" office and tasked said office with the responsibility to "cause to be published, a complete revision of the Codes of Guam[.]" Pub. L. 14-93 at § 2 (1977). Subsequently enacted legislation authorized the Compiler of Laws to "[n]umber and renumber chapters, sections and parts of sections" and to "[r]earrange sections so that they fit harmoniously within the publication being prepared[.]" 1 Guam Code Ann. § 1605(a) and (b) (as enacted by Pub. L. 17-6 at § 9 (1983). Accordingly, the provisions of the prior Guam Code of Civil Procedure relating to the time for commencing actions was moved to Chapter 11 of Title 7, Guam Code Annotated.

      b. <u>2011 Enactment</u>

In 2011, the statute of limitation was again modified with the passage of Pub. L. 31-07. The legislative findings and intent provided as follows:

> *I Liheslaturan Guahan* finds that child sexual abuse survivors often are disabled from revealing abuse at the time they suffer it and for many years thereafter. For some, the abuser was a parent, stepparent, or relative, a member of the clergy, a teacher or other trusted adult. Some victims blame themselves and fear retribution if the abuse is revealed. For many, the trauma itself prevents them from coming forward earlier. As adults, victims may not connect the assault to its long-lasting impact until they seek therapeutic help years later. Many of the injuries associated with childhood sexual abuse do not manifest themselves until much later in life. The expiration of applicable statute of limitations during this period had the effect of barring many meritorious claims. This has allowed many child sexual abusers to escape civil liability. If evidence is sufficient to prove civil liability, the mere passage of time should not foreclose child sexual abuse survivors from seeking justice. Therefore, *I Liheslatura* finds that justice for child sexual abuse survivors may be achieved by reviving the statute of limitations for civil actions for past child sexual abuse for a two (2) year period.

Pub. L. 31-07 at § 1 (2011).

The new law amended then Section 11306 of Title 7, Guam Code Annotated. Pertinent

---

[2] Section 349 dealt with actions to recover damages for injuries arising from any medical, surgical or dental treatment, omission or operation.

Page -3-

to the issues herein are the first two paragraphs of this section, which read:

> **§ 11306. Within Two Years.**
>
> (1) An action for assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to, or for the death of a person caused by the wrongful act or neglect of another, *except* as provided for in § 11308.[3]
>
> (2) Notwithstanding the provision of Subsection (1) of this Section, for a period of two (2) years following the effective date of this Act, victims of child sexual abuse that occurred on Guam who have been barred from filing suit against their abuser by virtue of the expiration of the civil statute of limitations *shall* be permitted to file those claims in the Guam Superior Court.

Pub. L. 31-07 at §2[4] (2011) (emphasis in original).[5]

### c. 2016 Enactment of Pub. L. 33-187

On September 23, 2016, Pub. L. 33-187 was enacted into law. Section 1 of the new law set forth Legislative Findings and Intent in which the 33rd Guam Legislature "wholeheartedly adopt[ed] and republishe[d]" its prior findings as set forth in Pub. L. 31-07. Additionally, the findings stated the following:

> *I Liheslaturan Guahan* further finds that while the noble intent of Public Law 31-07 was to encourage child sexual abuse survivors to come forward and bring their victimizers to account, provisions in § 11306.1 of Article 3, Chapter 11, Title 7, 21 Guam Code Annotated, served to discourage counsel from undertaking the representation of child sexual abuse survivors, an unintended consequence of Public Law 31-07. The chilling effect of the provisions in Public Law 31-07 was apparently sufficient to dissuade counsel from bringing actions for child sexual abuse no matter how meritorious the claim.
>
> It is, therefore, the intent of *I Liheslaturan Guahan* to make it possible for those child sexual abuse survivors to seek justice against their victimizers. Further, it is the intent of *I Liheslaturan Guahan* to remove the current section requiring

---

[3] Section 11308 dealt with the statute of limitations to recover damages for injuries arising from "any medical, surgical or dental treatment, omissions or operation."

[4] There was a third subsection added which permitted an individual against whom a suit was brought to recover attorney's fees and damages if the court determined that a false accusation was made with no basis in fact and with malicious intent. As codified, the Compiler of Laws changed subsections (1) through (3) of the new law to subsections (a) through (c) in order to maintain the general codification scheme of the Guam Code Annotated.

[5] This public law also imposed certain barriers to suit by requiring would-be plaintiffs to obtain "certificates of merit" regarding their sexual abuse allegations from mental health professionals." *See* 7 Guam Code Ann. § 11306.1.

Certificates of Merit as such information would have a chilling effect on those sexual abuse survivors who choose to seek justice against their victimizers.

Pub. L. 33-187 at §1 (2016).

The new law repealed subsections (b) and (c) of 7 Guam Code. Ann § 11306 and further repealed 7 Guam Code Ann. § 11306.1. Pub. L. 33-187 at §§ 3-4 (2016). Relevant to the discussions before the court is a new Section 11301.1 added to Article 3 of Chapter 11, Title 7, Guam Code Annotated, which reads it its entirety:

**§ 11301.1. No Limit for Child Sexual Abuse**

(a) Any claim arising from an incident of child sexual abuse may be commenced against a person, a legal entity, abusers, their enablers, their aiders or abettors, those acting in concert with them and their institutions at any time.

(b) Any claim arising from an incident of child sexual abuse that occurred on Guam which has been barred by virtue of the expiration of the previous civil statute of limitations *shall* be permitted to be filed in any court of competent jurisdiction.

Pub. L. 33-187 at §2 (2016) (emphasis in original).

### d. Whether Plaintiff's Cause of Action is Time-Barred

In determining whether Plaintiff's action is time-barred, the court must first ask whether Pub. L. 33-187 has retroactive application?

In *Landgraf v. Usi Film Products*, 114 S. Ct. 1483 (1994), the U.S. Supreme Court discussed when a statute has retroactive application.

> While statutory retroactivity has long been disfavored, deciding when a statute operates "retroactively" is not always a simple or mechanical task. Sitting on Circuit, Justice Story offered an influential definition in Society for Propagation of the *Gospel v. Wheeler*, 22 F.Cas. 756 (No. 13,156) (CCNH 1814), a case construing a provision of the New Hampshire Constitution that broadly prohibits "retrospective" laws both criminal and civil. Justice Story first rejected the notion that the provision bars only explicitly retroactive legislation, i.e., "statutes ... enacted to take effect from a time anterior to their passage." Id., at 767. Such a construction, he concluded, would be "utterly subversive of all the objects" of the prohibition. Ibid. Instead, the ban on retrospective legislation embraced "all statutes, which, though operating only from their passage, affect vested rights and past transactions." Ibid. "Upon principle," Justice Story elaborated,
>
>   "every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective...." Ibid. (citing *Calder v. Bull*, 3 Dall. 386, 1 L.Ed. 648 (1798), *and Dash v. Van Kleeck*, 7 Johns. *477 (N.Y.1811)).
>
>     A statute does not operate "retrospectively" merely because it is applied in a case arising from conduct antedating the statute's enactment, see *Republic Nat. Bank of*

*Miami v. United States*, 506 U.S. 80, 100, 113 S.Ct. 554, 565–566, 121 L.Ed.2d 474 (1992) (THOMAS, J., concurring in part and concurring in judgment), or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment. The conclusion that a particular rule operates "retroactively" comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event. Any test of retroactivity will leave room for disagreement in hard cases, and is unlikely to classify the enormous variety of legal changes with perfect philosophical clarity. However, retroactivity is a matter on which judges tend to have "sound ... instinct[s]," *see Danforth v. Groton Water Co.*, 178 Mass. 472, 476, 59 N.E. 1033, 1034 (1901) (Holmes, J.), and familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance.
*Landgraf*, at pp. 1498-1499.

Defendant first asserts that "Guam statutes are presumed to have only prospective effect, 'unless it is made expressly retroactive or is retroactive by virtue that it is necessarily implied that the Legislature intended for the statute to operate as such.'" Mot. Dismiss at 3, ECF No. 20 (quoting *People of Guam v. Camacho*, 2013 Guam 3, ¶10 (Guam 2013)). Under Guam law, "[n]o part of the [Guam] Code is retroactive, unless expressly so declared." 1 Guam Code Ann.§ 702.

With this starting point, Defendant then argues that under the new Section 11301.1 created by Pub. L. 33-187, not all causes of action that were previously time-barred were revived by the new law. Rather, Defendant contends that the retrospective application of subsection (b) of Section 11301.1 is limited to those actions that were time-barred by Pub. L. 31-07 (2011) since that is the "previous civil statute of limitations" referenced in Section 11301.1. Defendant asserts that "the plain language of the statute would result in a prospective lifting of all civil statutes of limitations [for actions involving child sexual abuse], and a limited retrospective lift from 2011 and forward." Mot. Dismiss at 7, ECF No. 20.

Applying Defendant's interpretation of the statute to the case of Plaintiff, Defendant contends that Plaintiff had until 1984[6] to bring an action against his abuser under the two-year statute of limitation created by Pub. L. 15-106 (1980). No such action was filed. Then, in 2011, Plaintiff was given another opportunity to bring suit by March 9, 2013, pursuant to Pub. L. 31-

---

[6] According to the Complaint, Plaintiff was 52 years old when the Complaint was filed in 2017, and he was abused at the age of 13. *See* Compl. at ¶9, ECF No. 1. This would mean the alleged abuse of Plaintiff occurred approximately in 1978, and he would have turned 18 years old in 1983.

07 (2011), but he did not do so. After the passage of Pub. L. 33-187, Plaintiff filed the instant action, but Defendant argues that a plain reading of the statute does not revive this cause of action because Plaintiff was not time-barred as a result of Pub. L. 31-07 – the "previous civil statute of limitations" – but instead was time-barred based on Pub. L. 15-106 (1980).

While Defendant focuses on the phrase "previous civil statute of limitations" in Section 11301.1(b), the Plaintiff, on the other hand, focuses on the words "at any time" set forth in subsection (a). The Plaintiff argues that the new law is ambiguous and asserts that "[b]y containing the term 'at any time,' the statute contains an express retroactivity provision, thereby making it unnecessary to look beyond its face to address the secondary issue of legislative intent." Opp'n at 5, ECF No. 54. Furthermore, the Plaintiff contends that

> the enactment of section 11301.1 in September 2016 re-activated all time-barred actions for child sex abuse, regardless of age, due to the fact that it re-activated all lawsuits time-barred by the "previous civil statute of limitations," that is section 11306, which in turn had already re-activated all previously time-barred actions when it came into effect in 2011.

Opp'n at 6, ECF No. 54.

It is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Dept. Of Treasury*, 489 U.S. 803, 809, 109 S. Ct. 1500, 103 L. Ed. 2d 891 (1989). A court must therefore interpret the statute "as a symmetrical and coherent regulatory scheme," *Gustafson v. Alloyd Co.*, 513 U.S. 561, 569, 115 S. Ct. 1061, 131 L. Ed. 2dd 1, (1995), and "fit, if possible, all parts into ma harmonious whole," *FTC v. Mandel Brothers, Inc.*, 359 U.S. 385, 389, 79 S. Ct. 818, 3 L. Ed. 2dd 893 (1959).

Having reviewed the current statute of limitations statute, the court concurs with Plaintiff's interpretation of the statute. Section 11301.1(b)'s reference to the "previous civil statute of limitations" pertains to the statute of limitation set forth in now repealed Section 11306, enacted by Pub. L. 31-07(2011). Section 11306(b) revived the Plaintiff's then time-barred actions and required that any action that he wished to bring now be brought no later than March 2013. With the passage of new Section 11301.1(b), the Plaintiff's claims which were barred if not brought before March 2013, were revived again by the new law. Such an

interpretation of the statute is supported by the Legislature's findings and intent, particularly its statement that "the mere passage of time should not foreclose child sexual abuse survivors from seeking justice." Pub. L. 33-187 at §1 (2016). The Legislature found that the prior provisions in § 11306.1 "served to discourage abuse survivors," and the "chilling effect of the provisions in Public law 31-07 was apparently sufficient to dissuade counsel from bringing actions for child sexual abuse no matter how meritorious the claim." *Id.* Accordingly, by passing the new law, the Legislature intended "to make it possible for those child sexual abuse survivors to seek justice against their victimizers." *Id.*

Plaintiff alleges that he was sexually molested by Defendant at the age of 13 when he was then an altar boy at Our Lady of Mount Carmel parish in Agat, Guam. For argument purposes, the court assumes (based upon Plaintiff's age at the time of the filing of the complaint) that Plaintiff was abused in the year 1978. Since he was then 13 years of age, the statute of limitations contained in the Code of Civil Procedure would have started running against him in 1983. Thus, applying the two-year statute of limitations, Plaintiff had until 1985 to file an action against Defendant under the then two-year statute of limitations contained in the Code of Civil Procedure. Plaintiff failed to do so and was thus time-barred from filing any type of action against Defendant.

In 2011, the statute of limitations was amended and it gave Plaintiff another opportunity to file his sexual abuse action against Defendant. Thus, for a period of two (2) years following the effective date of the Act in 2011, Plaintiff's prior abuse case against Defendant which had previously been barred by the Code of Civil Procedure could have been filed in the Superior Court of Guam. Plaintiff, however, did not file any action against Defendant by 2015. Thus, Plaintiff was barred by the provisions of the 2011 statute from subsequently filing any child sexual abuse claim against Defendant because he had been given an additional two-year window to file his claim and he failed to do so.

Finally, in 2016, the statute of limitations was further amended. Under the 2016 amendment, any claim arising from an incident of child sexual abuse that occurred on Guam which had been barred by virtue of the expiration of the previous civil statute of limitations

could again be filed in the Superior Court of Guam. Plaintiff timely filed his current claim under the 2016 amendment since that amendment imposed no time limit for filing a child sexual abuse claim.

It is clear that Pub. L. 33-187 imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past. The statute must be deemed retrospective.

It is also clear that the new provision attaches new legal consequences to events completed before its enactment. The statute revives a claim that previously been barred by a prior civil statute of limitations. Thus, the conclusion is inescapable that the above statute operates "retroactively.

Because, the statute operates retroactively, the court must find that Plaintiff's claims are not time-barred herein.

### 2. Whether Pub. L. 33-187 is Unconstitutional and Inorganic

Defendant's second argument is that Pub. L. 33-187 infringes upon his vested rights and due process guarantees afforded by the Organic Act of Guam. Defendant asserts that he has a vested interest in the protections offered by the former statutes of limitation, and the passage of Pub. L. 33-187 impairs this vested right and caused him to suffer significant hardships.

As Defendant notes, the Fourteenth Amendment is made applicable to Guam through the Organic Act of Guam. *See* 48 U.S.C. § 1421(e)[7] and (u).[8]

Defendant appears to assert that the Pub. L. 33-187, as applied to him,[9] is

---

[7] "No person shall be deprived of life, liberty, or property without due process of law." 48 U.S.C. § 1421(e).

[8] Section 1421(u) extends "the second sentence of section 1 of the [F]ourteenth [A]mendment" "to Guam to the extent that [it has] not been previously extended to that territory and shall have the same force and effect there as in the United States[.]" 48 U.S.C. § 1421(u). The second sentence of section 1 of the Fourteenth Amendment provides: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST., amend. XIV, §1.

[9] Defendant's filings are somewhat unclear as to whether he is bringing a facial or an "as applied" challenge to the statute in question.

unconstitutional and inorganic.  Specifically, Defendant asserts that he is now of advanced age and "does not have the benefit of a memory to recall specific facts from forty (40) years ago," nor does he "have the benefit of a memory to recall potential witnesses" nor the "ability to locate potential witnesses due to the passage of time." Mot. Dismiss at 8-9, ECF No. 20.  He further claims that because the alleged sexual assaults occurred over 40 years ago, he does not have the benefit of witnesses who were present during the time frame of the alleged acts since such witnesses are either deceased or incompetent due to advanced age, nor does he have access to any records dating back over 40 years. *Id.* at 9.

While the law has made it difficult for Defendant to defend against the allegations levied against him, the alleged oppressive effects of the duly enacted law fall far short of establishing that the law is unconstitutional as applied to him.

With regard to Defendant's contention that the new law somehow deprives him of a vested right, cases from the Supreme Court and the Ninth Circuit hold to the contrary.  In *Chase Securities Corp. v. Donaldson*, the Supreme Court stated:

---

> As a general matter, a facial challenge is a challenge to an entire legislative enactment or provision. See *Foti [v. City of Menlo Park]*, 146 F.3d [629], 635 [(9th Cir. 1998)] (explaining that a statute is facially unconstitutional if "it is unconstitutional in every conceivable application, or it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally overbroad") (internal quotation marks omitted).  If it does not charge statutory overbreadth, "a facial challenge must fail where the statute has a plainly legitimate sweep." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 . . . (2008) (quotation omitted).  A paradigmatic as-applied attack, by contrast, challenges only one of the rules in a statute, a subset of the statute's applications, or the application of the statute to a specific factual circumstance, under the assumption that a court can "separate valid from invalid subrules or applications." Richard H. Fallon, Jr., *As–Applied and Facial Challenges and Third–Party Standing*, 113 Harv. L.Rev. 1321, 1334 (2000); see *Legal Aid Serv. of Oregon v. Legal Services Corp.*, 608 F.3d 1084, 1096 (9th Cir.2010) ("Facial and as-applied challenges differ in the extent to which the invalidity of a statute need be demonstrated." (quotation omitted) (emphasis in original)).  Because the difference between an as-applied and a facial challenge lies only in whether all or only some of the statute's subrules (or fact-specific applications) are being challenged, the substantive legal tests used in the two challenges are "invariant." *Id.* (quotation omitted).

*Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011).

Page -10-

> In *Campbell v. Holt*, . . ., this Court held that where lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar. This has long stood as a statement of the law of the Fourteenth Amendment[.]

325 U.S. 304, 312 (1945).

Similarly, the Ninth Circuit stated that

> *Campbell* applies only when the property at issue had vested and had become the defendant's. . . . Accordingly, we have explained that "[w]here a lapse of time has not invested a party with title to real or personal property, a state legislature may extend a lapsed statute of limitations without violating the fourteenth amendment, regardless of whether the effect is seen as creating or reviving a barred claim."

*Cassirer v. Thyssen-Bornemisza Collection Found.*, 737 F.3d 613, 619-20 (9th Cir. 2013) (alteration in original) (quoting *Starks v. S.E. Rykoff Co.*, 673 F.2d 1106, 1109 (9th Cir.1982)).

The instant case is not about the statute somehow taking or depriving Defendant of a vested right to real or personal property. Instead, "[t]he only thing that has been taken away from him by [Section 11301.1] is his immunity from lawsuits for alleged child sex abuse." *Roe v. Ram*, No. 14-00027 LEK-RLP, 2014 WL 4276647, *6 (D. Haw. Aug. 29, 2014). Defendant's immunity was created by the Guam Legislature, and it is the Guam Legislature who took away his immunity from suit by the passage of Pub. L. 33-187. The *Chase* case has determined that this does not offend an individual's due process rights:

> Statutes of limitations always have vexed the philosophical mind for it is difficult to fit them into a completely logical and symmetrical system of law. There has been controversy as to their effect. Some are of opinion that like the analogous civil law doctrine of prescription11 limitations statutes should be viewed as extinguishing the claim and destroying the right itself. Admittedly it is troublesome to sustain as a "right" a claim that can find no remedy for its invasion. On the other hand, some common-law courts have regarded true statutes of limitation as doing no more than to cut off resort to the courts for enforcement of a claim. We do not need to settle these arguments.
>
> Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. . . . They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. **They represent a public policy about the privilege to litigate.** Their shelter has never been regarded as what now is called a "fundamental" right or what used to be called a "natural" right

> of the individual. **[A person] may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control.**
>
> This Court, in *Campbell v. Holt*, adopted as a working hypothesis, as a matter of constitutional law, the view that statutes of limitation go to matters of remedy, not to destruction of fundamental rights.

*Chase*, 325 U.S. at 314 (footnotes and internal citation omitted) (emphasis added).

The Court went on to state:

> The essential holding in *Campbell v. Holt*, so far as it applies to this case, is sound and should not be overruled. **The Fourteenth Amendment does not make an act of state legislation void merely because it has some retrospective operation. What it does forbid is taking of life, liberty or property without due process of law.** Some rules of law probably could not be changed retroactively without hardship and oppression, and this whether wise or unwise in their origin. Assuming that statutes of limitation like other types of legislation could be so manipulated that their retroactive effects would offend the Constitution, certainly it cannot be said that lifting the bar of a statute of limitation so as to restore a remedy lost through mere lapse of time is per se an offense against the Fourteenth Amendment. . . . **Whatever grievance appellant may have at the change of policy to its disadvantage, it had acquired no immunity from this suit that has become a federal constitutional right.**

*Id.* at 315-16 (emphasis added).

The *Chase* opinion did note, however, that where the extension or lifting of a statute of limitation creates "special hardships or oppressive effects" on an individual who had come to rely on the original statute of limitations in creating a course of conduct, then said statute may be unconstitutional. *Id.* at 316. Thus, "the Supreme Court left open the possibility that, in certain circumstances, a party might successfully argue that its detrimental reliance on a statute of limitations could . . . created a vested interest." *Ram*, 2014 WL 4276647, *8. But Defendant's showing is insufficient. Defendant has not explained how he relied on the shorter statute of limitation to his detriment or how, in the years since 1985, he based his conduct on a short statute of limitation. Accordingly, the court must deny Defendant's motion which challenges the constitutionality of Pub. L. 33-187.

The court does note that in his memorandum, Defendant points out that the majority of American jurisdictions reject legislative revival of time-barred claims finding that a defendant has a vested right to rely on a statute of limitations as a defense.

Indeed, the Supreme Court of Connecticut in *Doe v. Hartford Roman Catholic Diocesan*

*Corporation*, 119 A. 3d 520 (2015), hereinafter referred to as the *Hartford* court, conducted a review of the states which have considered the question whether an extended statute of limitations can be applied retroactively. In its review of those states that have considered the issue, the *Hartford* court determined that 18 states follow the federal approach and allow the retroactive expansion of the statute of limitations to revive otherwise time-barred claims without limitation.

The *Hartford* court also found that 24 states support the position that retroactive legislation that amends a statute of limitations that revives a time-barred claim was per se invalid. These courts generally hold that a defense of the statute of limitations is a vested right.

Defendant argues that because the Organic Act of Guam forbids deprivation of life, liberty, and property, the court should adopt the majority view.

Furthermore, Defendant asks the court not to adopt Plaintiff's minority view position, arguing that the Guam Supreme Court has not adopted the views advocated by Plaintiff. Defendant argues that the Guam Supreme Court has rather "advocated the imposition of statute of limitations as protecting the fundamental rights of due process for its citizens," citing *Taitano v. Calvo Finance Corp*., 2008 Guam 12.

The *Hartford* case determined that several states adhere to the majority view because their state constitutions have provisions that prohibit retroactive legislation. Other states have rejected the U.S. Supreme Court's view and hold that an attempt to revive an otherwise time-barred action is a violation of a vested property right and amounts to a violation of their state's due process laws.

Guam, however, does not have an independent constitution. Guam's constitution is the Organic Act of Guam, a congressional statute. Guam's due process rights are imbedded in the provisions of the U.S. Constitution that have been made applicable to Guam. As the court has noted above, Section 1421(u) of the Organic Act of Guam extends the second sentence of section 1 of the Fourteenth Amendment of the U.S. Constitution to Guam if it has not been previously extended and it shall have the same force and effect in Guam as in the United States. 48 U.S.C. § 1421(u).

It is further clear that under the U. S. Supreme Court's approach, the retroactive expansion of the statute of limitations to revive otherwise time-barred claims without limitation is not invalid per se and allows such retroactivity. Thus, there is no violation of the Constitution's due process clause of the Fourteenth Amendment.

Despite Defendant's arguments, this court is bound to follow the U.S. Supreme Court's approach because the due process clause of the Fourteenth Amendment has the same force and effect in Guam as in the United States. Guam cannot independently adopt an interpretation of the due process clause that is contrary to or inconsistent with the U.S. Supreme Court's interpretation of the said clause. Thus, this court cannot adopt the majority view of the states within the United States which have considered this issue.

Furthermore, the Ninth Circuit Court of Appeals in *Guam v. Guerrero*, 290 F. 3d 210 (9th Cir. 2012) held that the Supreme Court of Guam lacked authority to interpret the free exercise clause in Guam's Organic Act's Bill of Rights as conferring greater religious freedom than that provided by the First Amendment since the Bill of Rights were federal statutes that were subject to final interpretation by the United States Supreme Court.

Based upon *Guam v. Guerrero*, supra, the Guam Supreme Court lacks the authority to confer a greater due process right to Defendant which would be consistent with the majority view as advocated by Defendant.

Finally, the court notes that Defendant places weight on the fact that the Guam Legislature has twice amended the statute of limitations for child sexual abuse and twice has given such amendment a retroactive application. The court finds that the due process clause of the Fourteenth amendment does not limit the number of times the Guam Legislature can amend a civil statute of limitations and provide it retroactive effect. Rather, the only limitation imposed upon the Guam Legislature is that its retroactive legislation not deprive a person of a vested right to real or personal property.

**CONCLUSION**

Based upon the analysis set forth above and for the reasons stated therein, the court hereby recommends that the Chief Judge of the District Court of Guam deny Defendant

Apuron's motion to dismiss the complaint filed by Plaintiff Walter G. Denton, for the following reasons:

1. Pub. L. 33-187 revived Plaintiff's claim against Defendant which was barred by the previous statute of limitations ( Pub. L. 31-07). Because of the statute's retroactive operation, Plaintiff's current claim is not time-barred.

2. The retroactive application of Pub. L. 33-187 does not infringe upon Defendant's vested rights and due process guarantees afforded by the Organic Act of Guam. Pub. L. 33-187 is not a statute that takes or deprives Defendant of a vested right to real or personal property. Rather, the statute has taken away from Defendant by [Section 11301.1] his immunity from a lawsuit for an alleged child sex abuse.

IT IS SO RECOMMENDED.



**/s/ Joaquin V.E. Manibusan, Jr.**
   **U.S. Magistrate Judge**
**Dated: Sep 27, 2017**

## NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**