**THE DISTRICT COURT OF GUAM**

WALTER G. DENTON,

Plaintiff,

vs

ROMAN CATHOLIC ARCHBISHOP OF AGANA, a Corporation Sole; ANTHONY SABLAN APURON, an individual; CAPUCHIN FRANCISCANS; CAPUCHIN FRANCISCANS PROVINCE OF ST. MARY; CAPUCHIN FRANSICANS CUSTODY OF STAR OF THE SEA; DOE ENTITIES 1-5; and DOE INDIVIDUALS 6-47, inclusive,

Defendants.

CIVIL CASE NO. 17-00012

**ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATION**

Before the court is the magistrate judge's report and recommendation dated September 27, 2017. ECF No. 63. The report and recommendation addressed Defendant Apuron's motion to dismiss. ECF No. 20. On October 27, 2017, Defendant Apuron filed objections to the report and recommendation. ECF No. 71. This court heard argument on the objections on November 15, 2017. ECF No. 75. The matter was stayed pending the settlement efforts of the parties. Said stay expired on January 15, 2021. ECF No. 115.

Preliminarily, the court will address what effect, if any, Plaintiff's First Amended Complaint (ECF No. 96) had on Defendant's Motion to Dismiss. Generally, the "filing an

amended complaint will ordinarily moot a pending motion to dismiss the original complaint." *MMG Ins. Co. v. Podiatry Ins. Co. of Am.*, 263 F. Supp. 3d 327, 331 (D. Me. 2017) (internal citations omitted). "However, there is an exception to the general rule. When the amended complaint is substantially identical to the original complaint, the court can adjudicate the pending motion to dismiss as it pertains to the amended complaint." *MMG Ins. Co.*, 263 F. Supp. 3d at 331 (internal citations omitted).

Here, the only difference between the complaint and first amended complaint is the addition of named defendants to the action. ECF No. 96. Plaintiff's claims against Defendant Apuron are identical and the addition of defendants to the action does not affect the objections raised by the Defendant in his motion to dismiss, i.e., whether Plaintiff's claims are barred by the statute of limitations. Thus, the court finds the first amended complaint does not affect the substance of the pending motion to dismiss and will consider the first amended complaint as the operative complaint for purposes of the motion to dismiss. *See MMG Ins. Co.*, 263 F. Supp. 3d at 331.

Upon de novo review and for the reasons stated herein, the court **OVERRULES** all of Defendant's objections to the report and recommendation of the magistrate judge, **ACCEPTS** said report and recommendation, and **DENIES** Defendant Apuron's motion to dismiss.

## I. FACTS AND PROCEDURAL BACKGROUND

On February 1, 2017, Plaintiff, a resident of Casa Grande, Arizona filed a lawsuit alleging he was sexually abused when he was thirteen years old while serving as an altar boy for the Our Lady of Mt. Carmel Church parish in Agat, Guam. ECF No. 1. Plaintiff named several defendants, including Archbishop Anthony Sablan Apuron ("Defendant"). Defendant moved to dismiss Plaintiff's complaint on the ground that it was time barred under Guam law. ECF No. 20.

The matter was referred to Magistrate Judge Joaquin V.E. Manibusan, Jr. for report and

recommendation. After the issue was fully briefed and argued, Judge Manibusan recommended that the motion to dismiss be denied for the following reasons:

1. Even though Plaintiff's claims had previously been time barred by the previous statute of limitations, the Guam legislature had since passed 7 G.C.A. § 11301.1 (hereinafter "Pub. L. 33-187" or "Pub. L. 33-187 (2016)")[1] which retroactively revived Plaintiff's claims.

2. The retroactive application of Pub. L. 33-187 did not infringe upon Defendant's vested rights and due process guarantees afforded by the Organic Act of Guam. *See* ECF No. 63 at 15.

Defendant filed objections to the report and recommendation, ECF No. 71, CV17-00011, ECF No. 75, wherein he made the following arguments:

1. 1 G.C.A. § 702 requires retroactivity to be expressly stated, and Pub. L. 33-187 does not include an express retroactivity provision. ECF No. 71, CV17-00011, ECF No. 75 at 3.

2. Even if Pub. L. 33-187 did apply retroactively, it only revives claims barred by the 2011 statute of limitations, which had allowed sex abuse claims to be filed for a two-year period from 2011-2013. Plaintiff's claims were barred by the 1980 statute of limitations, and thus Pub. L. 33-187 did not revive Plaintiff's claims. ECF No. 71, CV17-00011, ECF No. 75 at 3.

3. The report and recommendation did not consider 2 G.C.A. § 2105, which Defendant argues prohibits the retroactive application of Pub. L. 33-187. *Id.*

4. The report and recommendation does not provide a standard for what constitutes "special hardships or oppressive effects" sufficient to deprive a person of due process as described in *Chase Securities Corp. v. Donaldson*, 325 U.S. 304 (1945), and thus erroneously concluded the retroactive application of Pub. L. 33-187 is not a due process violation. ECF No. 71, CV17-00011, ECF No. 75 at 5.

5. Relatedly, to require Defendant to mount a defense so many years after the alleged abuse occurred is patently unfair. ECF No. 71, CV17-00011, ECF No. 75 at 6.

6. Requiring Defendant to prove detrimental reliance on an earlier statute of limitations for civil sex abuse claims would require him to admit guilt, resulting in disparate treatment between innocent and guilty defendants. ECF No. 71, CV17-00011, ECF

[1] The statute of limitations applicable to sex abuse claims in Guam has undergone several changes in the last fifty or so years including a new statutory numbering system adopted by the Guam Legislature. The magistrate judge provided a detailed explanation of these changes in the report and recommendation, and the court hereby incorporates this explanation and finds it accurately states the legislative history and processes behind Guam's applicable statute of limitations. *See* ECF No. 63 at 2-5.

No. 75 at 5.

## II. DISCUSSION

### a. Legal Standard

The district court judge must analyze de novo any part of the magistrate judge's disposition to which objections were properly filed. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b). The court may only consider the portions of the report or specified proposed findings or recommendations to which objection is made. *Id.*

### b. Analysis

i. <u>Retroactivity of Pub. L. 33-187</u>

Defendant's first objection is that the magistrate judge was incorrect to conclude that Pub. L. 33-187 contains an express retroactive provision based on the phrase "at any time." ECF No. 71, CV17-00011, ECF No. 75 at 3. Nowhere in the report does the magistrate judge specifically conclude that the phrase "at any time" creates an express retroactive provision in the statute. *See* ECF No. 63 at 7.

However, Defendant cites a Guam statute which requires an express declaration of retroactivity for a law to apply retroactively. *See* 1 GCA § 702 (2005) ("No part of this Code is retroactive, unless expressly so declared."). Assuming without deciding that Pub. L. 33-187 does not contain an express retroactive provision, the Supreme Court of Guam has held that "when there is no express retroactivity clause, the court may look to the Legislature's intent for guidance as to whether retrospective impact is otherwise specifically directed or is necessary to accomplish the purposes for which the statute was enacted." *People v. Camacho*, 2013 Guam 3 ¶ 10 (internal quotations omitted). "If the intention of the Legislature was for the statute to operate retroactively, then retroactivity will be implied." *Camacho,* 2013 Guam 3 ¶ 10. "The absence of an express retroactive provision does not necessarily result in the conclusion that the

statute does not apply retroactively if retroactivity can be implied by virtue of the Legislature's intent to make it retroactive." *Id.*

Here, the legislative intent behind Pub. L. 33-187 is clear. The public hearings conducted for Pub. L. 33-187 (Bill No. 326-33) show the overwhelming need to right the past wrongs for sex abuse survivors in Guam. *See* 33rd Guam Legislature, Comm. Rep. on Bill No. 326-33, (June 27, 2016). Many sex abuse survivors in their 50s and 60s testified about their abuse, and the responses to their testimony by Guam legislators indicate the intent for the law to apply retroactively. For example, Speaker Judith T. Won Pat expressed the need to "make sure that [the statutory language] be retroactive no matter when it occurred, whether it occurred in the sixties or yesterday." *Id.* at 32. Former Senator Bob Klitzkie recommended the law have two separate sections to ensure it would allow all future claims and all claims previously barred. *Id.* and exhibits attached thereto. The clear legislative intent, in conjunction with language in Pub. L. 33-187 such as "at any time," convince this court that Pub. L. 33-187 applies retroactively.

Defendant's next objection is that the magistrate's report incorrectly concludes that the retroactive application of Pub. L. 33-187 applies to "all" previous statutes of limitations. ECF No. 71, CV17-00011, ECF No. 75 at 3. Defendant argues that Pub. L. 33-187 only revives claims barred by Pub. L. 31- 07 (2011), the previous statute of limitations for sex abuse claims. Defendant asserts that Plaintiff's claims were barred by the 1980 statute of limitations set forth in Pub. L. 15-105 (1980), not by Pub. L. 31- 07 (2011). Defendant concludes that Plaintiff's claims were not revived by Pub. L. 33-187 (2016) because they were not barred by Pub. L. 31-07 (2011), the previous statute of limitations. *Id.*

The court does not agree with Defendant's position. Pub. L. 31-07 (2011) states that "victims of child sexual abuse that occurred on Guam who have been barred from filing suit against their abuser by virtue of the expiration of the civil statute of limitations shall be permitted

to file those claims in the Guam Superior Court" for a two year period. Pub. L. 31-07 (2011). Thus, Pub. L. 31-07 (2011) revived all claims barred by statute of limitations effective before the 2011 amendment, including Plaintiff's claims. *See* ECF No. 20 at 7.

Following the 2011 statute, the statute of limitations was then completely abrogated by Pub. L. 33-187 (2016) which resurrected all sex abuse claims previously barred by Pub. L. 31-07 (2011). In other words, Plaintiff's claims were barred by Pub. L. 31-07 (2011) upon the expiration of the two-year period from 2011-2013; consequently, his claims were resurrected by Pub. L. 33-187 (2016).

As his next objection, Defendant argues that the report and recommendation fails to consider the effect of 2 Guam Code Ann. § 2105, which according to the Defendant prohibits the retroactive application of Pub. L. 33-187 (2016). *See* ECF No. 71, CV17-00011, ECF No. 75 at 4. This issue was not raised in Defendant's motion to dismiss (ECF No. 20) and was included for the first time in Defendant's objection to the report and recommendation. *See* ECF No. 71, CV17-00011, ECF No. 75 at 4. Arguments first raised in an objection to a magistrate judge's report and recommendation, and not before the report was issued, are deemed waived. *Farquhar v. Jones*, 141 F. App'x 539, 540 (9th Cir. 2005); *Greenhow v. Sec'y of Health & Human Servs.,* 863 F.2d 633, 638–39 (9th Cir.1988); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Consequently, the court deems Defendant's § 2105 argument waived.

ii. Due Process Violation

Defendant's remaining objections relate to the failure of the report and recommendation to find due process violations. First, Defendant argues the report fails to state the standard used as a basis for determining what constitutes "special hardships or oppressive effects" in the context of depriving a defendant of a potential statute of limitations defense as described in *Chase Sec. v Donaldson,* 325 U.S. 304, 315-16 (1945); *see* ECF No. 71, CV17-00011, ECF No.

75 at 4; ECF No. 63 at 15. He argues that if "special hardships or oppressive effects" were established, the retroactive application of Pub. L. 33-187 (2016) would result in a deprivation of his due process rights. *Id.* at 5.

In *Chase Sec. v. Donaldson*, the U.S. Supreme Court suggested that there may be due process concerns where the retroactive application of a law, such as the abrogation of a statute of limitations, results in special hardships or oppressive effects so severe as to violate the Fourteenth Amendment. 325 U.S. 304, 315-16 (1945) ("[C]ertainly it cannot be said that lifting the bar of a statute of limitation so as to restore a remedy lost through mere lapse of time is per se an offense against the Fourteenth Amendment. Nor has the appellant pointed out special hardships or oppressive effects which result from lifting the bar in this class of cases with retrospective force.").

Here, Defendant argues that "special hardships or oppressive effects" would result if Plaintiff's claims are allowed to proceed, as the lengthy period of time that has passed since the alleged abuse occurred has resulted in lost evidence, faded memories, witnesses who have disappeared or died, and the spoilage of evidence. Defendant also points out that the legislature changed the statute of limitations for sexual abuse claims several times between 1980 and 2016, which essentially creates a moving target sufficient to establish hardship and oppression for defendants facing sex abuse claims. *See* ECF No. 71, CV17-00011, ECF No. 75 at 5.

The court's de novo review of *Chase Sec. Corp* and its progeny indicates that that the terms "special hardships" and "oppressive effects" are not well defined. *See e.g., United States v. Charles*, 240 F. Supp. 2d 488, 491 (M.D.N.C. 2002) (there are no cases providing guidance on "what showing of undue hardship a claimant must make to support a finding that due process has been denied under particular circumstances"). However, within the context of the abrogation of a statute of limitations, the standard appears difficult to meet; the Ninth Circuit noted in 2015 that

"no court has found the repeal of a limitations period to work any such hardship." *United States v. Falcon*, 805 F.3d 873, 875 (9th Cir. 2015).

Helpfully, the Court in *Chase* rejected the argument that a change in a limitations period worked "special hardships" on the defendant because the court could not rationalize that his "conduct would have been different if the present rule had been known and the change foreseen." *Chase Sec.,* 325 U.S. at 316. The Court reasoned that "the nature of the defenses shows that that no course of action was undertaken by appellant on the assumption that the old rule would be continued." *Id.*

Thus, applying the "hardship and oppressive effects" standard to child sex abuse case would require a finding that a sex abuser's conduct would have been different depending on changes in a statute of limitations. Here, as in *Roe v.* Ram, the court cannot "imagine a set of facts that would allow child sex offenders to evade lawsuits by arguing that in the ensuing years they had based their conduct on a short statute of limitations." *Roe v. Ram*, 2014 WL 4276647, at *8 (D. Haw. Aug. 29, 2014). As "there is no such thing as a vested right to do wrong," the court rejects Defendant's argument that the retroactive application of Pub. L. 33-187 (2016) presents an oppressive effect or undue hardship on Defendant." *Johannessen v. United States*, 225 U.S. 227, 242, (1912) (internal quotations omitted); *see also Campbell v. Holt*, 115 U.S. 620, 628, 6 S. Ct. 209, 213, 29 L. Ed. 483 (1885). Furthermore, "no right is destroyed when the law restores a remedy which had been lost." *Id.* Thus, the court is unable to accept Defendant's position that it is a violation of due process to require him to show how his reliance on the earlier statute of limitations would have caused him to act differently, had he known that the statute of limitations was to be extended or completely abrogated.

Furthermore, federal courts review constitutional challenges to statutes that revive otherwise time barred actions using the rational basis test to determine whether the retroactive

impact of a statute would have changed settled expectations or are wholly unexpected, harsh, and oppressive. *S & M Paving, Inc. v. Constr. Laborers Pension Tr. of S. California*, 539 F. Supp. 867, 873 (C.D. Cal. 1982); *Todd Shipyards Corp. v. Witthuhn*, 596 F.2d 899, 902 (9th Cir. 1979). This test asks whether "the legislation represents a rational means to achieve legitimate ends?" *S & M Paving, Inc. v. Constr. Laborers Pension Tr. of S. California*, 539 F. Supp. 867, 873 (C.D. Cal. 1982) (quoting *Usery v. Turner Elkhorn Mining Co*., 428 U.S. 1, (1976)). Thus retroactive legislation complies with due process if its retroactivity is justified by a rational legislative purpose. *Pension Ben. Guar. Corp. v. R.A. Gray & Co*., 467 U.S. 717, 718 (1984).

Legitimate legislative purpose has been found in extending child abuse statutes of limitation within the context of state law that closely mirrors federal law. *See e.g., Doe v. Hartford Roman Catholic Diocesan Corp*., 119 A.3d 462, 517 (2015) (under the rational basis test, the revival of previously time-barred claims filed by child sexual abuse victims serves a legitimate public interest and therefore did not violate due process)."It afford[s] a plaintiff sufficient time to recall and come to terms with traumatic childhood events before he or she must take action." *Id.* at 504 (internal quotations omitted). Victims often need many years to overcome the pain of their abuse and time to obtain the courage needed to speak out about the abuse that they have suffered. *Id.*

The court finds that the Guam Legislature's retroactive application of Pub. L. 33-187 (2016) does not violate Defendant's due process rights because it is a rational response by the legislature to the exceptional circumstances and potential for injustice faced by adults who fell victim to sexual abuse as children.

This analysis also implicates Defendant's next objection - that the report has improperly shifted the burden on Defendant to prove his detrimental reliance on an earlier statute of limitations for civil sex abuse claims. ECF No. 71, CV17-00011, ECF No. 75 at 5. Although not

within the context of a retroactive sexual abuse law, a federal district court analyzed a similar theory in *Roe v. Ram*, when it addressed the question of the constitutional permissibility of the revival of paternity claims barred by the former statute of limitations. 2014 WL 4276647, at *5 (D. Haw. Aug. 29, 2014). The court stated, "[i]f a putative father, named in a paternity proceeding, were able to demonstrate that he had acted in *specific reliance* on the bar of the statute of limitations and that special hardships or oppressive results would follow from the lifting of the bar, retrospective application of [the statute] might not be constitutionally permissible. Absent such a *demonstration of direct reliance and resultant hardship,* it would not be possible to say that the defendant was deprived of any constitutional right." *Id.* at *9 (internal citations omitted) (emphasis in original). Thus, if a defendant argues that the retroactive application of an amended statute of limitations is not constitutionally permissible, it is the defendant's burden to demonstrate that he acted in specific reliance on the earlier statute.

The court finds that the Defendant did not demonstrate direct reliance and resultant hardship, and thus it is not possible to say that he was deprived of any constitutional right. Here, Defendant has not provided any case that invalidated a statute based on this standard, nor any facts that he or other similarly situated individuals detrimentally relied on the earlier statutes of limitation.

Lastly, Defendant suggests that the retroactive application of Pub. L. 33-187 results in disparate treatment between innocent and guilty defendants. To the extent Defendant argues this violates his due process, the court has already found no such due process violation occurred. However, to the extent Defendant also alleges a federal equal protection violation, the court also rejects the argument.

As with due process analyses, to determine an equal protection violation, a court looks at whether the classification rationally furthers a legitimate legislative purpose, unless a

fundamental right is jeopardized, or the categorization involves a suspect characteristic. *See*, *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) (internal citations omitted). The U.S. Supreme Court has espoused "as a matter of constitutional law, the view that statutes of limitations go to matters of remedy, not to destruction of fundamental rights." *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314 (1945). Therefore, the constitutionality of a retroactive application of a statute of limitations must meet the rational relation test.

For the reasons previously stated, the court finds the retroactive application of Pub. L. 33-187 (2016) furthers the legitimate legislative purpose to allow victims to recall sexual abuse that had been repressed, and to bring an action against the perpetrators of that abuse as part of the victim's healing process. *See Doe v. Hartford Roman Catholic Diocesan Corp.*, 119 A.3d 462, 517 (Conn. 2015) ("[U]nder the rational basis test, the revival of previously time-barred claims filed by child sexual abuse victims serves a legitimate public interest and therefore did not violate due process"). Any argument that the retroactivity of Pub. L. 33-187 (2016) violates equal protection, or due process, is rejected.

## III. CONCLUSION

For the reasons stated herein, the court **OVERRULES** all of Defendant's objections to the report and recommendation of the magistrate judge, **ACCEPTS** said report and recommendation, and **DENIES** Defendant Apuron's motion to dismiss.

**SO ORDERED.**




**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Mar 22, 2021**